EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

E.I. DuPONT de NEMOURS &
COMPANY, Defendant.

No. 84–41–CIV–7.

United States District Court,
E.D. North Carolina,
Wilmington Division.

May 17, 1985.

Humphrey S. Cummings, Michael H. McGee, E.E.O.C., Charlotte, N.C., for plaintiff.

A. Bruce Clarke, Gardner G. Courson, Ogletree, Deakins, Nash, Smoak & Stewart, Raleigh, N.C., Atlanta, Ga., for defendant.

## ORDER

BRITT, Chief Judge.

Plaintiff, the Equal Employment Opportunity Commission [EEOC], brings this action on behalf of Reverend Carl M. Reaves against Reaves' former employer, E.I. DuPont de Nemours & Company [DuPont], alleging that DuPont discriminated against Reaves on the basis of his religious beliefs and practices, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–2(a) (1982). More particularly, plaintiff contends that defendant failed to reasonably accommodate Reaves' religious practices to the extent that it would not place an undue hardship on the conduct of its business, as it was required to do. *Wren v. T.I.M.E.–D.C., Inc.*, 595 F.2d 441 (8th Cir.1979). *See*, 42 U.S.C. § 2000e(j) (1982).

This matter is now before the court on defendant's motion for summary judgment. Defendant claims that summary judgment is appropriate for two reasons: (1) the undisputed facts in this case establish as a matter of law that DuPont "reasonably accommodated" Reverend Reaves' religious practices and that further accommodation would have placed undue hardship on its business; and (2) the "reasonable accommodation" requirement of 42 U.S.C. § 2000e(j) and its interpretative guidelines are unconstitutional.

I. *Reasonable Accommodation and Undue Hardship.*

█ Defendant has set forth at great length for the court the circumstances surrounding Reaves' discharge. Although many material facts are undisputed, the court finds that genuine issues of material fact still remain in dispute. In particular, the parties disagree about whether there were further "reasonable accommodations" which could have been made without undue hardship to the employer. Resolution of this issue is a material factual question which the court must decide upon the basis of evidence presented.

II. *Unconstitutionality of 42 U.S.C. § 2000e(j).*

█ Defendant also argues that summary judgment should be granted because the "reasonable accommodation" requirement of 42 U.S.C. § 2000e(j) and its interpretative guidelines are unconstitutional. Defendant contends that (1) section 2000e(j) violates the first amendment's prohibition against governmental establishment of religion; (2) the EEOC interpretative guidelines for section 2000e(j), 29 C.F.R. §§ 1605.1–1605.3, also represent an unconstitutional attempt by the government to establish religion; and (3) the EEOC interpretative guideline embodied in 29 C.F.R. § 1605.2(e)(1) is unconstitutionally vague.

Every appellate court which has considered the constitutionality of the "reasonable accommodation" requirement of 42 U.S.C. § 2000e(j) has held that it does not violate the establishment clause of the first amendment: *McDaniel v. Essex International, Inc.,* 696 F.2d 34 (6th Cir.1982); *Nottleson v. Smith Steel Workers,* 643 F.2d 445 (7th Cir.1981), *cert. denied,* 454 U.S. 1046, 102 S.Ct. 587, 70 L.Ed.2d 488 (1982); *Anderson v. General Dynamics Convair Aerospace Div.,* 648 F.2d 1247 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Tooley v. Martin-Marietta Corp.,* 648 F.2d 1239 (9th Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981); *Cummins v. Parker Seal Co.,* 516 F.2d 544 (6th Cir.1975), *aff'd by an equally divided court,* 429 U.S. 65, 97 S.Ct. 342, 50 L.Ed.2d 223 (1976). These circuit courts have held that section 2000e(j) passes the three-prong test established by the Supreme Court in *Committee for Public Education v. Nyquist,* 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948 (1973), for determining whether a law represents an unconstitutional governmental establishment of religion. *See, e.g., Tooley,* 648 F.2d at 1244. The court finds these opinions to be persuasive.

To meet the requirements of the establishment clause, the *Nyquist* court held that a law must: (1) reflect a clearly secular purpose; (2) have a primary effect that neither inhibits nor advances religion; and (3) avoid excessive government entanglement with religion. 413 U.S. at 772–73, 93 S.Ct. at 2965. Section 2000e(j) clearly meets this test.

The purpose of section 2000e(j) is to prevent employers from discriminating against citizens because of their religious beliefs or practices. *Tooley,* 648 F.2d at 1245. This purpose is clearly a secular one. *Id.* Although section 2000e(j) was clearly designed to resolve conflicts stemming from religious beliefs, a law need not be devoid of all religious purpose whatsoever as long as its primary purpose is secular. *McGowan v. Maryland,* 366 U.S. 420, 445, 81 S.Ct. 1101, 1115, 6 L.Ed.2d 393 (1961); *Tooley,* 648 F.2d at 1245.

The primary effect of section 2000e(j) is to restrain employers from enforcing uniform work requirements that, although neutral in appearance, discriminate in effect against employees holding certain religious convictions. *Cummins,* 516 F.2d at 553. Although section 2000e(j) may indeed confer an incidental benefit upon some religious faiths, these incidental benefits are not the "primary effect" of the legislation. *See Nyquist,* 413 U.S. at 771–72, 93 S.Ct. at 2964–65.

Finally, enforcement of section 2000e(j) does not result in excessive government entanglement with religion. Section 2000e(j) requires little or no contact with religious institutions and governmental entities. *Cummins*, 516 F.2d at 553–54. This does not necessitate any governmental entanglement with religion. *Id.*

Section 2000e(j) passes the three-pronged *Nyquist* test. It does not represent an unconstitutional governmental establishment of religion. As it reflects a clearly secular purpose, its primary effect neither inhibits nor advances religion and it avoids excessive governmental entanglement with religion.

In light of the above finding, this court finds it unnecessary to consider defendant's arguments that the EEOC interpretative guidelines for section 2000e(j) found in 29 C.F.R. §§ 1605.1–1605.3 represent an unconstitutional governmental establishment of religion, and that the interpretative guideline in 29 C.F.R. § 1605.2(e)(1) is unconstitutionally vague. Unlike regulations issued by federal agencies, EEOC interpretative guidelines do not have the force of law because they are promulgated pursuant to statutory authority or according to the rulemaking process dictated by the EEOC Administrative Procedure Act. *General Electric Co. v. Gilbert*, 429 U.S. 125, 141, 97 S.Ct. 401, 410, 50 L.Ed.2d 343 (1976). Though they are often entitled to a strong degree of deference, *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431, 95 S.Ct. 2362, 2378, 45 L.Ed.2d 280 (1975), the interpretative guidelines are not dispositive of Title VII issues and not binding upon courts, as are federal regulations. *Gilbert*, 429 U.S. at 141, 97 S.Ct. at 410.

Defendant's motion for summary judgment on the grounds that 42 U.S.C. § 2000e(j) and the EEOC interpretative guidelines found at 29 C.F.R. §§ 1605.1–1605.3 are unconstitutional is denied. Defendant's motion for summary judgment on the grounds that no genuine issues of material fact remain in this case is also denied.